1

2

3                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

4    RANDY FORTIER,                    )
                                       ) No.   CV-09-3056-CI
5              Plaintiff,              )
                                       ) ORDER GRANTING PLAINTIFF'S
6    v.                                ) MOTION FOR SUMMARY JUDGMENT
                                       ) AND REMANDING FOR ADDITIONAL
7    MICHAEL J. ASTRUE,                ) PROCEEDINGS PURSUANT TO 42
     Commissioner of Social           ) U.S.C. § 405(g)
8    Security,                        )
                                       )
9              Defendant.             )
                                       )
10   ─────────────────────────────────

11        BEFORE THE COURT are cross-Motions for Summary Judgment.  (Ct.

12   Rec. 17, 19.)  Attorney D. James Tree represents Plaintiff; Special

13   Assistant  United  States  Attorney  Michael  S.  Howard  represents

14   Defendant.    The  parties  have  consented  to  proceed  before  a

15   magistrate judge. (Ct. Rec. 7.)  After reviewing the administrative

16   record  and  the  briefs  filed  by  the  parties,  the  court  **GRANTS**

17   Plaintiff's Motion for Summary Judgment and remands the case to the

18   Commissioner for additional proceedings.

19        On  June  29,  2005,  Randy  Fortier  (Plaintiff)  applied  for

20   disability insurance benefits (DIB), alleging disability due to left

21   elbow and right knee impairments. (Tr. 78, 85.)  Plaintiff's date of

22   last insured for DIB purposes was June 30, 2006.  (Tr. 85.)  At the

23   administrative  hearing,  he  alleged  a  closed  period  of  disability

24   from October 9, 2001, to June 2006, when he returned to work.   He

25   also  alleged  disabling  depression  during  the  closed  period.  (Tr.

26   583-84.)

27        Following  a  denial  of  benefits  at  the  initial  stage  and  on

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 1

1 | reconsideration, a hearing was held before Administrative Law Judge
2 | (ALJ) James Burke on April 23, 2008. (Tr. 582-95.) Plaintiff, who
3 | was represented by counsel, and vocational expert K. Diane Kramer,
4 | appeared and testified. (*Id.*) On July 14, 2008, ALJ Burke denied
5 | benefits in a written decision. (Tr. 12-18.) The Appeals Council
6 | denied Plaintiff's request for review. (Tr. 3-5.) This appeal
7 | followed. Jurisdiction is appropriate pursuant to 42 U.S.C. §
8 | 405(g).

9 | **STANDARD OF REVIEW**

10 | In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
11 | court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

24 | It is the role of the trier of fact, not this court, to resolve
25 | conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence
26 | supports more than one rational interpretation, the court may not
27 | substitute its judgment for that of the Commissioner. *Tackett*, 180

28 | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 2

1  F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

2  Nevertheless, a decision supported by substantial evidence will

3  still be set aside if the proper legal standards were not applied in

4  weighing the evidence and making the decision.  *Brawner v. Secretary*

5  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

6  there is substantial evidence to support the administrative

7  findings, or if there is conflicting evidence that will support a

8  finding of either disability or non-disability, the finding of the

9  Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-

10  1230 (9th Cir. 1987).

11  **SEQUENTIAL PROCESS**

12  Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

13  requirements necessary to establish disability:

14      Under the Social Security Act, individuals who are
"under a disability" are eligible to receive benefits. 42

15  U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
medically determinable physical or mental impairment"

16  which prevents one from engaging "in any substantial
gainful activity" and is expected to result in death or

17  last "for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). Such an impairment must result

18  from "anatomical, physiological, or psychological
abnormalities which are demonstrable by medically

19  acceptable clinical and laboratory diagnostic techniques."
42 U.S.C. § 423(d)(3). The Act also provides that a

20  claimant will be eligible for benefits only if his
impairments "are of such severity that he is not only

21  unable to do his previous work but cannot, considering his
age, education and work experience, engage in any other

22  kind of substantial gainful work which exists in the
national economy . . . "  42 U.S.C. § 423(d)(2)(A).  Thus,

23  the definition of disability consists of both medical and
vocational components.

24

25  The Commissioner has established a five-step sequential

26  evaluation process for determining whether a person is disabled.  20

27  C.F.R. §§ 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 3

1  (1987).  In steps one through four, the burden of proof rests upon

2  the claimant to establish a prima facie case of entitlement to

3  disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

4  1971).  This burden is met once a claimant establishes that a

5  physical or mental impairment prevents him from engaging in his

6  previous occupation.  20 C.F.R. §§ 404.1520(a).  At step five, the

7  burden shifts to the Commissioner to show that (1) the claimant can

8  perform other substantial gainful activity; and (2) a "significant

9  number of jobs exist in the national economy" which claimant can

10 perform.  20 C.F.R. §§ 404.1520(a)(4)(v); *Kail v. Heckler*, 722 F.2d

11 1496, 1498 (9th Cir. 1984).

12                          **STATEMENT OF FACTS**

13      The facts of the case are set forth in detail in the transcript

14 of proceedings, and are summarized briefly here.  At the time of the

15 hearing, Plaintiff testified he had returned to work and had been

16 sober since January 26, 2006.   (Tr. 585.)   The record shows

17 Plaintiff was 51 years old at the time of the hearing, unmarried and

18 had no children.  He lived with his mother until she passed away.

19 (Tr. 248-49.) He has a high-school education and additional training

20 as a telecommunications technician. (Tr. 83.)  In addition, he has

21 work experience as a security guard, cable installer, electronics

22 repairer, driver, and laborer.  (Tr. 88, 97, 592.)   Plaintiff's

23 contends his physical impairments combined with depression rendered

24 him unable to sustain work during the closed period. (Tr. 588-89.)

25                        **ADMINISTRATIVE DECISION**

26      The ALJ found Plaintiff had not engaged in substantial gainful

27 activity between his alleged onset date and 2005.  (Tr. 14.)   At

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 4

step two, he found Plaintiff had the medically determinable impairments of "chronic tendonitis/bursitis of the elbow and knee, uncontrolled hypertension, and intermittent flares of gout." (*Id*.) He made no findings regarding non-severe impairments.  At step three, the ALJ found Plaintiff's impairments alone and in combination did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 15.*)* At step four, he found Plaintiff had the residual functional capacity (RFC) to perform light level work, *i.e.* "he can lift carry up to 20 pounds occasionally, 10 pounds frequently; and he can sit and stand up to six hours, and walk two hours in an 8-hour workday." (Tr. 15-16.)  The ALJ found Plaintiff's statements regarding his symptoms were not credible to the extent they were inconsistent with the ALJ's RFC findings.  (Tr. 17.)  After finding Plaintiff could no longer perform his past work, ALJ Burke proceeded to step five, applied the Medical-Vocational Guidelines (Grids) and found Plaintiff "not disabled," as defined by the Social Security Act. (Tr. 17-18.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.    Plaintiff contends the ALJ erred when he: (1) failed to find Plaintiff's diagnosed depression was a severe impairment at step two; (2) improperly rejected medical opinions of Plaintiff's treating and examining medical sources; and (3) failed to meet his burden at step five when he relied on the Grids.  (Ct. Rec. 18 at 11.)  Defendant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 5

1  responds the ALJ's decision is supported by substantial evidence and

2  free of legal error.  (Ct. Rec 20.)

3                              **DISCUSSION**

4  **A.   Credibility**

5       On *de novo* review, the court must determine whether the ALJ's

6  determinations are free of legal error and supported by substantial

7  evidence.  *Brawner*, 839 F.2d at 433.  Although issues of credibility

8  are the sole province of the ALJ in these proceedings, when the

9  adjudicator finds a claimant's statements regarding the severity of

10 impairments and limitations are not credible, he must make a

11 credibility determination with findings sufficiently specific to

12 permit the court to conclude the ALJ did not arbitrarily discredit

13 claimant's allegations.  *Richardson,* 402 U.S. at 400; *Thomas v.*

14 *Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002); *Bunnell v. Sullivan*,

15 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc); *Fair v. Bowen*, 885

16 F.2d 597, 604 (9th Cir. 1989).

17      To reject a claimant's subjective complaints, the ALJ must

18 provide "specific, cogent reasons for the disbelief."  *Morgan*, 169

19 F.3d, at 599 (*quoting Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th

20 Cir. 1990).  If there is no affirmative evidence of malingering, the

21 reasons must be "clear and convincing."  *Lester v. Chater,* 81 F.3d

22 821, 834 (9th Cir. 1995).  Furthermore, "the ALJ must specifically

23 identify the testimony she or he finds not to be credible and must

24 explain what evidence undermines the testimony."  *Holohan v.*

25 *Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

26      If the credibility determination is a critical factor in the

27 ALJ's decision, it should be as comprehensive and analytical as

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 6

1  feasible, and the finding should be explicit whether the Secretary

2  believed or disbelieved the claimant.  *Lewin v. Schweiker*, 654 F.2d

3  631, 635 (9th Cir. 1981) (*quoting Baerga v. Richardson,* 500 F.2d 309

4  (3d Cir. 1974), *cert denied*, 420 U.S. 931(1975).   The court will

5  not infer lack of credibility. *Murray v. Heckler* 722 F.2d 499, 502

6  (1983).

7       Here, the ALJ's credibility determination is not sufficiently

8  specific or "clear and convincing."  For example, in discounting

9  Plaintiff's statements, the ALJ noted Plaintiff "conceded at his

10 hearing that his elbow and knee impairments were not disabling by

11 themselves or in combination." (Tr. 16.)   However, independent

12 review shows that Plaintiff's representative made this assertion at

13 the hearing, not Plaintiff. (Tr. 589.)  The representative's

14 statement, unsupported by either Plaintiff's testimony or medical

15 evidence, is not substantial evidence to support the ALJ's finding

16 that Plaintiff's subjective statements are unreliable.  In addition,

17 it appears Plaintiff did not describe his mental or physical

18 limitations at the hearing because the ALJ did not question

19 Plaintiff directly about his physical or mental symptoms or how they

20 affected his ability to work between 2001 and 2005.  Therefore, the

21 court is unable to review what specific testimony or allegations are

22 being rejected by the ALJ.

23      As found by the Ninth Circuit, although it is Plaintiff's

24 burden to provide evidence of impairments, the ALJ is not "a mere

25 umpire" during disability proceedings.  He has a duty to question

26 Plaintiff about symptoms and limitations stemming from the medically

27 determinable impairments established by the record. *See Widmark v.*

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 7

1 *Barnhart*, 454 F.3d 1063, 1068-69 (9th Cir. 2006).  This is true even

2 if the claimant is represented by counsel.  *Brown v. Heckler,* 713

3 F.2d 441, 443 (9th Cir. 1983).

4     The ALJ also reasons that Plaintiff's failure to mention his

5 relapse of substance abuse between February 2005 and May 2005,

6 during a November 2005 psychological evaluation is cause to

7 discredit his claims.  (Tr. 16-17; *see also* Tr. 179, 190-91, 251.)

8 Although a claimant's lack of candor about substance abuse is a

9 "clear and convincing" reason to discount his symptom allegations,

10 *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999), in this case,

11 the ALJ failed to explain what testimony was rendered unreliable by

12 Plaintiff's failure to disclose a recent relapse during the

13 interview, and in what way that failure discredited his claim.  On

14 review, the court is unable to determine what testimony the ALJ is

15 disregarding and whether the ALJ's reasoning is supported by

16 substantial evidence.  Without more specificity, the ALJ's reasoning

17 is legally insufficient.  *Holohan*, 246 F.3d at 1208.

18     Finally, the ALJ's finding that Plaintiff resumed work after

19 four years does not undermine Plaintiff's claim his physical

20 impairments, combined with depression, rendered him unable to

21 sustain work during the closed period alleged.  (Tr. 16.)  The ALJ's

22 credibility findings are not supported by clear and convincing

23 reasons, which is cause for remand.  *Id*.

24 **B.    Step Two: Evidence of Severe Mental Impairment**

25     Plaintiff argues the ALJ erroneously ignored evidence of severe

26 mental impairments diagnosed by examining psychologists Drs.

27 Billings and Shultz, and non-examining agency psychologist, Dr. Mary

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 8

1  Gentile, all of whom diagnosed a major depressive disorder.  (Ct.

2  Rec. 18 at 15-17; Tr. 204, 235, 252.)

3      At step two of the sequential evaluation, the ALJ determines

4  whether a claimant suffers from a "severe" impairment, *i.e.,* one

5  that significantly limits his physical or mental ability to do basic

6  work activities.  20 C.F.R. § 404.1520(c).  To satisfy step two's

7  requirement of a severe impairment, the claimant must prove the

8  existence of a physical or mental impairment by providing medical

9  evidence consisting of signs, symptoms, and laboratory findings; the

10  claimant's own statement of symptoms alone will not suffice.  20

11  C.F.R. § 404.1508.  The fact that a medically determinable condition

12  exists does not automatically mean the symptoms are "severe," or

13  "disabling" as defined by the Social Security regulations.  *See,*

14  *e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v.*

15  *Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

16      However, even if a claimant's depression is determined non-

17  severe, diagnosed mental disorders must be considered in combination

18  with other impairments at step two to determine if the combined

19  impairments have more than a minimal effect on the claimant's

20  ability to perform work activities.  20 C.F.R. § 404.1529.  If so,

21  resultant limitations must be considered throughout the sequential

22  evaluation process.  *Id.*

23      The adjudicator's role at step two is further explained by *SSR*

24  85-28:

25      A determination that an impairment(s) is not severe
       requires a careful evaluation of the medical findings
26      which describe the impairment(s) and an informed judgment
       about its (their) limiting effects on the individual's
27      physical and mental ability(ies) to perform basic work

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 9

1   activities; thus, an assessment of function is inherent in
    the medical evaluation process itself. At the second step
2   of sequential evaluation, then, medical evidence alone is
    evaluated in order to assess the effects of the
3   impairment(s) on ability to do basic work activities.

4   *SSR* 85-28.   The regulations advise the adjudicator that "[g]reat

5   care should be exercised in applying the not severe impairment

6   concept."   *Id*.

7        In determining whether a claimant has a severe impairment the

8   ALJ must evaluate medical evidence submitted and explain the weight

9   given to the opinions of accepted medical sources in the record.

10  The regulations distinguish among three types of accepted medical

11  sources: (1) sources who have treated the claimant; (2) sources who

12  have examined the claimant; and (3) sources who have neither

13  examined nor treated the claimant, but express their opinions based

14  upon a review of the claimant's medical records.   20 C.F.R. §

15  404.1527.   A treating physician's opinion carries more weight than

16  an examining physician's, and an examining physician's opinion

17  carries more weight than a non-examining reviewing or consulting

18  physician's opinion.   *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th

19  Cir. 2004); *Lester*, 81 F.3d at 830.   The Commissioner must provide

20  "clear and convincing" reasons for rejecting uncontradicted

21  examining physician opinions.   *Lester*, 81 F.3d at 830.

22       Here, the ALJ failed to discuss or properly reject with "clear

23  and convincing" reasons opinions of examining psychologist Dr.

24  Schultz rendered in her December 2004 evaluation.   Dr. Schultz

25  opined Plaintiff had moderate limitations in cognitive and social

26  functioning and marked limitations in his ability to tolerate the

27  pressure and expectations of a normal work setting.   She also

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 10

1   recommended treatment with medication. (Tr. 199-200.) At the

2   hearing, VE Kramer testified that, if credited, these limitations

3   would significantly affect Plaintiff's ability to work. (Tr. 594-

4   95.)

5       Although the ALJ appears to disregard Dr. Schultz's 2004

6   evaluation because she estimated a duration of six to nine months

7   (Tr. 15), the record shows Dr. Gentile noted several moderate

8   functional limitations due to depression in December 2005. (Tr.

9   228-30, 244.)  State agency physicians such as Dr. Gentile are

10  treated as expert non-examining sources in disability proceedings.

11  The ALJ may not ignore these opinions and must explain the weight

12  given. *SSR* 96-6p.  Here, the ALJ failed to discuss or reject Dr.

13  Gentile's opinion that Plaintiff would have moderate limitations in

14  sustained concentration and persistence that would slow his pace.

15  (Tr. 244.)  This is reversible error.  The limitations assessed by

16  Dr. Gentile and Dr. Shultz are consistent with Plaintiff's claim

17  that he could not sustain work due to depression and physical

18  problems.  Because the unrejected medical evidence presented by

19  Plaintiff consists of formal diagnoses of depressive disorder and

20  treatment recommendations, as well as medical opinions that

21  Plaintiff's social functioning was more than minimally impaired, the

22  ALJ erred in failing to find depression was a severe impairment.

23  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

24      For step two purposes, the Plaintiff met his burden of

25  providing objective medical evidence, as well as medical records

26  documenting ongoing treatment with medication during the alleged

27  closed period.  20 C.F.R. § 404.1526; *Webb*, 433 F.3d at 687.

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 11

1  Because the ALJ failed to properly discredit Plaintiff's report that

2  he became depressed in 2001 after his injury, that evidence is

3  credited.   (Tr. 250.)   As discussed above, unrejected medical

4  evidence establishes more than a "slight abnormality" in Plaintiff's

5  mental condition.   Remand is necessary for a new sequential

6  evaluation which will include the effects of all severe and non-

7  severe impairments on Plaintiff's ability to work during the closed

8  period.  Further, because of the step two error and the exclusion of

9  unrejected non-exertional limitations assessed by Drs. Gentile and

10  Schultz at steps four and five, the ALJ's application of the Grids

11  at step five was erroneous.[1]  *Tackett,* 180 F.3d at 1103.

12  **C.    Remedy**

13      A step two determination that a non-exertional impairment is

14  severe "only raises a prima facie case of a disability."  *Hoopai v.*

15  *Astrue*, 499 F.3d 1071, 1076 (9ᵗʰ Cir. 2007) (*citing Tackett*, 180 F.3d

16  at 1100).   Therefore, Plaintiff might not succeed in proving he is

17

18      [1]   The use of the Grids is appropriate where the claimant's

19  functional limitations "fall into a standardized pattern 'accurately

20  and completely' described by the Grids."  *Tackett*, 180 F.3d at 1103

21  (*quoting Jones v. Heckler*, 760 F.2d 993, 998 (9ᵗʰ Cir. 1985).

22  Significant non-exertional impairments make reliance on the Grids

23  inappropriate. *Desrosiers v. Secretary of Health and Human Serv.*,

24  846 F.2d 573, 577(9ᵗʰ Cir. 1988).   A vocational expert is required

25  where "a claimant's non-exertional limitations are in themselves

26  enough to limit his range of work."  *Polny v. Bowen*, 864 F.2d 661,

27  663-64 (9ᵗʰ Cir. 1988).

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 12

1 disabled, as defined by the Social Security Act.  Even if improperly

2 rejected medical evidence is credited, on the record before the

3 court it is not conclusive that a reasonable ALJ, considering

4 existing medical evidence of physical and psychological impairments

5 in combination (as required by the Regulations), would find

6 Plaintiff disabled.  Therefore, remand for additional proceedings is

7 appropriate.  *See Stout v. Commissioner, Social Sec. Admin.*, 454

8 F.3d 1050, 1056 (9th Cir. 2006)*; see also Salvador v. Sullivan*, 917

9 F.2d 13, 15 (9th Cir. 1990).

10      On remand, the ALJ will take additional testimony from

11 Plaintiff and address medical opinions as discussed above.  In

12 addition, the ALJ will address opinions from treating physician Judy

13 Page, D.O. that there were a "limited number of jobs [Plaintiff] can

14 do"; that Plaintiff should avoid repetitive climbing of ladders and

15 stairs; and that Plaintiff cannot do jobs that required strong

16 grasping or repetitive elbow work.  (Tr. 275, 308, 465.)  A new RFC

17 determination will be made based on properly evaluated medical

18 evidence and credible testimony.  A vocational expert, if necessary,

19 will be consulted at steps four and five to opine on the effects of

20 non-exertional limitations on Plaintiff's occupational base.

21 Accordingly,

22      **IT IS ORDERED**:

23      1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

24 **GRANTED** and the matter is remanded to the Commissioner for

25 additional proceedings pursuant to 42 U.S.C. § 405(g) and as

26 directed above**.**

27      2.    Defendant's Motion for Summary Judgment dismissal **(Ct.**

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 13

1  **Rec. 19)** is **DENIED**.

2      3.    Application for attorney fees may be made by separate

3  motion.

4      The District Court Executive is directed to file this Order and

5  provide a copy to counsel for Plaintiff and Defendant.   The file

6  shall be **CLOSED** and judgment entered for **PLAINTIFF**.

7      DATED August 26, 2010.

8

9                              S/ CYNTHIA IMBROGNO
                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS
PURSUANT TO 42 U.S.C. § 405 (g) - 14